UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOWELL DUNLAP, JR. et al,<br><br>    Plaintiffs,<br><br>v.<br><br>EPISOURCE LLC,<br><br>    Defendant. | Case No. 2:25-cv-05330-SB-MBK<br>Case No. 2:25-cv-09719-SB-MBK<br><br>ORDER GRANTING MOTION TO REMAND [CASE NO. 2:25-CV-09719-SB-MBK, DKT. NO. 13] |

Plaintiffs Lowell Dunlap Jr. and Loleetia Harper filed a putative class action in Sacramento Superior Court asserting claims arising from a security breach at Defendant Episource LLC (Episource) that compromised their personal data. Episource removed the action and seeks to consolidate it with the related putative class action pending in this district, *In re Episource LLC Data Breach Litigation*. Plaintiff opposes consolidation and moves to remand. The Court grants the motion.

I.

Episource LLC is a California-based company that provides risk-adjustment services and medical-coding tools. Case No. 2:25-cv-09719-SB-MBK, Dkt. No. 1-1 ¶¶ 22, 27. In performing these functions, Episource collects and stores patients' personally identifiable and medical information. *Id.* ¶ 28. On June 6, 2025, Episource issued a notice to numerous individuals, including Plaintiffs, of a "data security event." *Id.* ¶ 30. The notice reported that a data breach had occurred between January 27 and February 6, 2025, during which health-related and other personal information may have been unlawfully accessed. *Id.* ¶ 31.

On June 12, 2025, the first federal lawsuit arising from the data breach was filed in this district. Numerous other related lawsuits soon followed, and a total of 21 actions were consolidated before this Court under the case name *In Re*

*Episource LLC Data Breach Litigation*.  A consolidated complaint was filed on September 26, 2025, asserting claims against Episource and 13 of its clients.  Case No. 2:25-cv-05330-SB-MBK, Dkt. No. 76.  The complaint seeks to certify a nationwide class of "[a]ll persons residing in the United States whose Private Information was accessed in the Data Breach, including all who were sent a notice of the Data Breach," as well state-specific subclasses, including a class of "[a]ll persons residing in the State of California whose Private Information was accessed in the Data Breach, including all who were sent a notice of the Data Breach."  *Id.* ¶¶ 397, 399.  Among other claims, the consolidated complaint asserts violations of the California Confidentiality of Medical Information Act (CMIA) (Cal. Civ. Code § 56, et seq), California Consumer Privacy Act (CCPA) (Cal. Civ. Code § 1798.150), Unfair Competition Law (UCL) (Cal. Bus. & Prof. Code §17200, et seq), California Consumers Legal Remedies Act (CLRA) (Cal. Civ. Code § 1750, et seq), and California Consumer Records Act (CCRA) (Cal. Civ. Code §§ 1798.80, et seq).

On July 30, 2025, Plaintiffs filed their complaint in Sacramento County Superior Court, asserting claims against Episource for violations of:  (1) the CMIA; (2) the CCPA; (3) the California Privacy Rights Act (CPRA) (Cal. Civ. Code § 1798.100); and (4) the UCL.  They seek to certify a class "all citizens of the State of California who provided their personal medical information to Defendants on or before January 27, 2025, and who received notice from Defendants that their information was compromised."  Case No. 2:25-cv-09719-SB-MBK, Dkt. No. 1-1 ¶ 93.  Episource removed the case to federal court, asserting jurisdiction under the Class Action Fairness Act (CAFA).  Plaintiffs moved to remand, arguing that the statutory requirements for CAFA jurisdiction are not met.  The case was transferred to this Court, and consolidation was initiated with the *In Re Episource LLC Data Breach Litigation.*  Plaintiffs oppose consolidation, emphasizing that consolidation cannot create jurisdiction where none otherwise exists, and thus, the case must be remanded.  Case No. 2:25-cv-05330-SB-MBK, Dkt. No. 159.

II.

CAFA confers federal jurisdiction over class actions when the amount in controversy exceeds $5 million and any class member is a citizen of a state different from any defendant.  28 U.S.C § 1332(d)(2)(A).  Even though minimal diversity is absent in this case, Episource urges this Court to look past this fatal defect to prevent Plaintiffs from evading CAFA jurisdiction through artful

pleading.  Case No. 2:25-cv-09719-SB-MBK, Dkt. No. 1 ¶ 10; Dkt. No. 1-1 ¶¶ 19–20.  In matters of statutory interpretation, however, plain text trumps policy.

A.

The textual requirement of minimal diversity is clear.  As relevant here, Congress extended federal jurisdiction to "any civil action" in which "any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A).  In the civil action at issue, there is no CAFA jurisdiction because all parties are California citizens.[1]  *Id*.  End of story—or so it would seem.

B.

Episource argues that the story, as written by CAFA, is not fair.  It complains that Plaintiffs have engaged in "manipulative efforts" to avoid being swept into the consolidated action in this case.  Case No. 2:25-cv-09719-SB-MBK, Dkt. No. 15 at 2, 5.  In other words, Episource contends that Plaintiffs have artfully limited their pleading to include only California citizens to escape CAFA jurisdiction.

 A plaintiff, however, is the master of his complaint.  *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913).  Although the Supreme Court has recognized a manipulation exception to this rule in *Federated Dep't Stores, Inc. v.*

---

[1] At the hearing, Episource argued that CAFA allows a court to consider the citizenship of plaintiffs in separately pending and overlapping class actions because § 1332(d) refers to "any member of *a* class of plaintiffs" and defines a class as "all of the class members in *a* class action."  28 U.S.C. § 1332(d)(1)(A) & (d)(2)(A)–(C).  This argument is a stretch, as § 1332(d)(1)(B) defines "class action" in the singular.  *Id*. at § 1332(d)(1)(B) ("[T]he term 'class action' means *any civil action* filed [under Fed. R. Civ. P. 23 or its state equivalent].") (emphasis added).  Congress did authorize courts to consider "other class actions"—but only in the context of the discretionary exception to CAFA jurisdiction.  *Id*. at § 1332(d)(4)(F); *see Badgerow v. Walters*, 596 U.S. 1, 11 (2022) ("When Congress includes particular language in one section of a statute but omits it in another section of the same Act, [we] generally take[ ] the choice to be deliberate.").  In any event, Episource failed to develop this argument in its opposition brief as required for consideration.  *See Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994) ("We review only issues which are argued specifically and distinctly in a party's opening brief.").

3

*Moitie*, 452 U.S. 394, 398 (1981), the artful-pleading doctrine is exceedingly limited and typically focuses on whether a plaintiff has dressed a federal claim in state attire.  *See Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003) (characterizing "the artful pleading doctrine [as] a useful sieve to detect traces of federal subject matter jurisdiction").  The Ninth Circuit has also declined to extend the doctrine broadly to CAFA jurisdiction.  *Cf. Tanoh v. Dow Chem. Co.*, 561 F.3d 945, 955–56 (9th Cir. 2009) (rejecting "the general proposition that plaintiffs' lawyers cannot 'game' the system by artificially structuring their suits so as to avoid CAFA jurisdiction" in the context of CAFA's "mass action" provisions).[2]

      The two principal cases upon which Episource relies to apply the artful-pleading doctrine are unpersuasive.  *See Sanders v. Kia America, Inc.*, 2023 WL 3974966 (C.D. Cal. June 13, 2023); *Simon v. Marriot Int'l, Inc.,* 2019 WL 4573415 (D. Md. Sept. 20, 2018).  The district courts in those cases looked beyond the removed pleading to consider the allegations in overlapping federal lawsuits in determining whether the jurisdictional requirements of CAFA—minimal diversity and more than $5 million in controversy—were satisfied.  Both courts concluded that this approach was justified based on "[p]olicy considerations underlying both CAFA and multidistrict litigation."  *Sanders*, 2023 WL 3974966, at * 5; *Simon*, 2019 WL 4573415, at *4 (same).[3]

---

[2] *Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161 (2014), does not support Episource's argument to the contrary.  There, the Supreme Court held only that the "background principle" permitting courts to look behind the pleadings does not apply to CAFA's mass-action provision.  *Id.* at 174.  It did not address—much less endorse—the application of that principle to CAFA's class-action provisions.

[3] In both cases, the plaintiffs (or their counsel) responded to removal and consolidation by filing duplicative complaints modified only to evade CAFA.  In exercising jurisdiction despite the lack of diversity, the courts relied in part on *Freeman v. Blue Ridge Paper Prods., Inc.*, 551 F.3d 405, 406-07 (6th Cir. 2008), which prohibited plaintiffs from splitting their claims by time period and filing multiple actions to avoid placing more than $5 million in controversy in any one case.  In *Tanoh*, the Ninth Circuit refused to extend *Freeman* beyond its "limited" facts.  561 F.3d at 955-56; *see also id*. at 956 (noting that "CAFA's class action provisions are completely silent" about claim splitting to avoid the jurisdictional amount).

A court, however, cannot invoke policy considerations to expand the reach of a statute. In enacting CAFA, Congress required minimal diversity in the civil action over which federal jurisdiction is asserted. None exists in this case. *See Mondragon v. Cap. One Auto Fin.*, 736 F.3d 880, 885 (9th Cir. 2013) (noting that a plaintiff can avoid CAFA jurisdiction by "limit[ing]the class by defining it to consist only of California citizens"). While Plaintiffs have filed a largely duplicative state action, the existence of parallel actions does not effectively confer exclusive federal jurisdiction. *See Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019) (noting that state courts "enjoy concurrent jurisdiction over [CAFA] actions"). To be sure, parallel actions are disfavored because they create inefficiency and potential inconsistency and are subject to abuse. But absent a legislative change to federal jurisdiction, parties must look elsewhere for a potential remedy. *See, e.g., Gregg v. Superior Ct.*, 194 Cal. App. 3d 134, 136 (1987) (noting that "where one [lawsuit] is in state court and the other in federal court . . . the principle of comity may call for a discretionary refusal of the court to entertain the second suit pending determination of the first-filed action").

Because Plaintiffs' putative class action does not meet CAFA's jurisdictional requirements, the Court lacks jurisdiction over it. Plaintiffs' objection to consolidation is therefore sustained, and the case is remanded to Sacramento County Superior Court, Case No. 25CV018214. *See, e.g., Royalty All., Inc. v. Tarsadia Hotel,* No. 09-CV-2739, 2010 WL 3339202 (S.D. Cal. Aug. 23, 2010) (denying consolidation after concluding that proposed class lacked independent CAFA jurisdiction and thus must be remanded); *Fed. Nat. Mortgage Ass'n v. Lemon,* 2011 WL 3204344, at *3 (C.D. Cal. July 26, 2011) ("As the court does not have subject matter jurisdiction over the complaint, the court cannot consolidate this action[.]").

### III.

Plaintiffs seek an award of $6,929.50 in attorney's costs and fees incurred as a result of the removal. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

The Court declines to exercise its discretion to award attorney's fees and costs under § 1447(c), as it cannot find that Episource's removal lacked any objectively reasonable basis in law or fact, and there is no evidence that Episource removed the case in an attempt to prolong the litigation or impose costs in bad

faith. *See Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 140 (2005) ("The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party . . . .").

## IV.

Plaintiffs' motion to remand is granted, and their request for fees is denied. The clerk's office is ordered to remove Case No. 2:25-cv-9719-SB-MBK from the consolidated action *In re Episource LLC Data Breach Litigation*, Case No. 2:25-CV-05330-SB-MBK.

Date: December 15, 2025

_____
Stanley Blumenfeld, Jr.
United States District Judge